**TRI–STATE RUBBISH, INC.,
et al., Plaintiffs,**

v.

**WASTE MANAGEMENT, INC.,
et al., Defendants.**

**Civ. No. 92–122–P–C.**

United States District Court,
D. Maine.

Nov. 24, 1993.

Ralph A. Dyer, Portland, ME, for Tri–State Rubbish, Inc., Recyclables Unlimited Services Corp., and Guy Hart.

Carl E. Kandutsch, Verrill & Dana, Portland, ME, for Waste Management Inc., Waste Management of Maine Inc., Consol. Waste Services Inc., and Consol. Waste Transport, Inc.

Michael A. Nelson, Nicholas S. Nadzo, Emily A. Bloch, Jensen, Baird, Gardner & Henry, Portland, ME, for Mid–Maine Waste.

Thomas F. Monaghan, William R. Fisher, Monaghan, Leahy, Hochadel & Libby, Portland, ME, for City of Auburn.

*MEMORANDUM OF DECISION AND
ORDER ON MOTION OF DEFEN-
DANT WASTE MANAGEMENT, INC.
TO DISMISS THE COMPLAINT OR,
IN THE ALTERNATIVE, FOR A
MORE DEFINITE STATEMENT*

GENE CARTER, Chief Judge.

The Court has before it at this time, after remand of the above-entitled matter to this Court from the United States Court of Ap-

peals for the First Circuit, the Motion of Waste Management Defendants to Dismiss the Complaint or, in the Alternative, for a More Definite Statement (Docket No. 30), as supported by a memorandum of law (Docket No. 31). By the motion, the Waste Management Defendants seek the dismissal for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(e), of the federal and state antitrust claims set forth in Counts II–V and the tort claim in Count VI left outstanding by the decision of the Court of Appeals for the First Circuit in *Tri–State Rubbish, Inc. v. Waste Management, Inc.,* 998 F.2d 1073, 1083 (1st Cir.1993). With respect to those claims, the Court of Appeals stated that:

> The old prejudice against summary disposition of antitrust claims has diminished ... but the grant of a Rule 12(b)(6) motion on the predation claims would, at least at this time, be a shade too summary.
>
> We underscore the limited nature of our remand. These claims can be stated, if at all, only against the Waste Management defendants. The district court *is fully entitled to demand more specific explanations from Tri–State as to the gray areas in its predation claims, including the basis for the charge of pricing below variable cost, the basis for the market definitions urged, and the basis for any claim that monopoly power exists or could plausibly be secured in a properly defined economic market.* Nothing in this opinion is intended to preclude summary disposition at a later stage, *and this need not mean much later* if these claims prove to have little substance.

*Id.* at 1081 (emphasis added).

In the face of the foregoing language, Plaintiffs have filed an objection (Docket No. 37) to the motion now before the Court in which it is stated:

> This objection is based on the grounds that the relief sought by Waste Management has previously been considered by this Court and by the 1st Circuit Court of Appeals and an opinion has been rendered in favor of the Plaintiffs. *The issues are res judicata and the Defendants are estopped from raising these issues again at this juncture.* The matters are more properly the subject of discovery and/or a motion for summary judgment after discovery is completed.

Plaintiffs' Objection to Defendants' Renewed Motion to Dismiss at 1–2 (emphasis added).

The Court finds Plaintiffs' statement of basis for the objection to be disingenuous, in flat contradiction to the language of the Court of Appeals set forth above, and to be interposed in violation of the requirements of Federal Rule of Civil Procedure 11 with respect to the responsibilities of counsel filing papers with this Court. There is no basis whatever upon which it can be maintained, in the face of the language from the Court of Appeals' opinion set forth above, that this Court is in any way or manner inhibited from requiring further exposition by amendment to Counts II–V and VI of Plaintiffs' Complaint in respect to the specific elements of the predation claims targeted in the cited language of the Court of Appeals. Accordingly, Plaintiffs' Objection to Defendants' Renewed Motion to Dismiss is hereby *STRICKEN. Counsel is warned in future to have a greater sense of discretion when making written assertions of law to this Court. See Lallemand v. University of Rhode Island,* No. 92–2481, slip op. at 11, 9 F.3d 214, 218 (1st Cir. Nov. 22, 1993) ("... [O]nce it is lost, a court's trust in counsel is not readily restored.).

Further, it is hereby *ORDERED* that Plaintiffs shall file, on or before December 10, 1993, amendments to Counts II–V and the tort claim in Count VI the Complaint herein, setting forth allegations of fact in respect to the federal and state antitrust claims in Counts II–V and the tort claim in Count VI of the Complaint herein, specifically stating the factual basis for "the charge of pricing below variable cost, the basis for the market definitions urged, and the basis for any claim that monopoly power exists or could plausibly be secured in a properly defined economic market," *id.* 998 F.2d at 1081, and specifically explicating by factual amendments all other "gray areas" in the present assertion of the predation claims alluded to in the opinion of the Court of Appeals for the First Circuit in *Tri–State Rubbish, Inc. v.*

*Waste Management, Inc.,* 998 F.2d 1073 (1st Cir.1993).

In default of timely compliance herewith, Counts II–VI will be dismissed for failure to state a claim.